

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § | |
| Plaintiff, § § | Civil Action No. 4-10CV-711-Y |
| vs. § § | |
| MICHAEL JOBE and RICHARD VLASICH, § § § | |
| Defendants. § § § | |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") files this suit against Defendants Michael Jobe and Richard Valisch and would respectfully show the Court as follows:

### SUMMARY

1. Michael Jobe ("Jobe") and Richard Vlasich ("Vlasich") violated the federal securities acts engaging in insider trading. Jobe learned from an XTO Energy, Inc. ("XTO Energy") employee that Exxon Mobil would be acquiring XTO Energy. Despite assurances to the employee that he would not trade on the information and would not to tell anyone else about the deal, Jobe did both. Jobe purchased XTO Energy stock and call options in family member accounts the week before the December 14, 2009, announcement that Exxon Mobil would acquire XTO Energy. He also told Vlasich that XTO Energy would be acquired and advised Vlasich to purchase XTO Energy

SEC v. Michael Jobe, et al.
Complaint
Page-1

securities. Vlasich purchased XTO Energy call options prior to the December 14 announcement.

2. In the interest of preventing any future illegal conduct by the Defendants, the Commission seeks orders of the Court permanently enjoining Jobe and Vlasich from engaging in future violations of the antifraud provisions of the federal securities laws, requiring Jobe and Vlasich to disgorge, with prejudgment interest, the unjust enrichment gained as a result of the actions described herein, and imposing civil money penalties under Section 21A of the Exchange Act [15 U.S.C. § 78u-1] against the Defendants.

## JURISDICTION

3. The Court has jurisdiction over this action under Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa]. Jobe and Vlasich, directly or indirectly, used the means or instruments of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts described herein. Venue is proper because certain of the transactions, acts, practices, and courses of business occurred within the Northern District of Texas.

## PARTIES

4. Michael Jobe is retired and resides in Fort Worth.

5. Richard Vlasich is a friend of Michael Jobe and resides in Fort Worth. He is also retired.

## BACKGROUND FACTS

6. XTO Energy was an oil and gas exploration and production company headquartered in Fort Worth. Its common stock traded on the NYSE with a ticker symbol of XTO until June 25,

2010. Exxon Mobil is one of the largest oil and gas exploration and production companies in the world, headquartered in Irving, Texas. Exxon's common stock trades on the NYSE with a ticker symbol of XOM.

7. On December 14, 2009, Exxon Mobil announced, prior to the opening of trading, that it would acquire XTO Energy. As a result of the announcement, the price of XTO's stock jumped nearly 20%, from $41.49 at the close on December 11, 2009 (the business day before the announcement) to as high as $49.10 a share on the day of the announcement.

8. Jobe learned from an XTO Energy employee about XTO Energy's impending acquisition by Exxon Mobil approximately two weeks before the December 14 announcement. The employee told Jobe about the proposed transaction and told him not to trade based on the information. The employee also advised him not to "say anything" about the impending deal to anyone else.

9. Jobe agreed with the XTO Energy employee that he would not trade on the information he received or pass the information on to anyone else.

10. Jobe and Vlasich have been friends for years and spoke several times a week, typically about stocks and trading. On December 11, 2009, Jobe informed Vlasich of the impending merger and advised Vlasich to purchase XTO Energy securities.

11. On December 9, 2009, at approximately 12:40 p.m., Jobe purchased 1,000 XTO Energy shares of common stock at $39.94 per share in a rollover IRA account in the name of a family member. Between 3:34 p.m. EST and 3:57 p.m. EST on December 11, Jobe purchased 250 XTO Energy December 43 call options at $.15 each in another account in a family member's name.

After the December 14 announcement, Jobe sold the call options, yielding total gains of $99,550. The XTO Energy shares were priced at $47.61 each at the end of trading on December 14, 2009, yielding Jobe a gain of $7,670 on those shares.

12. On December 11, after Jobe told him about the impending merger, Vlasich purchased a total of 200 December 40 call options at $1.66 and $1.67 each and 1000 January 45 XTO Energy call options at between $.44 and $.50 each in two accounts. His purchases were made between 1:57 p.m. EST and 3:38 p.m. EST. Vlasich sold the options the day of the announcement, profiting by $466,295.90.

## CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

13. Plaintiff Commission repeats and incorporates paragraphs 1 through 12 of this Complaint by reference as if set forth *verbatim*.

14. Jobe and Vlasich, with scienter and by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit.

15. By reason of the actions alleged herein, Jobe and Vlasich violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## **REQUEST FOR RELIEF**

The Commission seeks the following relief:

(i) an order of the Court permanently enjoining Jobe and Vlasich from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

(ii) an order of the Court requiring Jobe and Vlasich to disgorge illicit benefits realized as a result of the actions alleged herein and to pay prejudgment interest thereon;

(iii) an order of the Court imposing civil monetary penalties against Jobe and Vlasich under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

(iv) such other relief as this Court may deem just and proper.

Dated: September 24, 2010

Respectfully submitted,

/s/ Harold R. Loftin, Jr.
Harold R. Loftin, Jr.
Texas Bar Number 12487090
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Telephone: (817) 978-6450
Fax: (817) 978-4927
loftinh@sec.gov
Attorney for Plaintiff
U.S. Securities and Exchange Commission

*SEC v. Michael Jobe, et al.*
Complaint
Page-5

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SECURITIES AND EXCHANGE COMMISSION

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
HAROLD R. LOFTIN, JR.
801 Cherry Street, Suite 1900
Fort Worth, TX 76201   (817) 978-6450

## DEFENDANTS
MICHAEL JOBE and RICHARD VLASICH, Defnesants

County of Residence of First Listed Defendant   **Tarrant**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Case No. **4-10CV-711-Y**

Attorneys (If Known)
Dan C. Guthrie, Jr., Attorney for Defendant Michael Jobe
Wayne Secore, Attorney for Richard Vlasich

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [X] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 10(b) of the Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10(b)].
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 9/24/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____