IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. 4:10-cv-0711-Y |
| MICHAEL JOBE and RICHARD VLASICH, | : |
| Defendants. | : |

**DISTRIBUTION AGENT'S REVISED CLAIMS REPORT, UNOPPOSED MOTION FOR APPROVAL OF CLAIM SUMMARY AND REQUEST FOR AUTHORIZATION TO DISTRIBUTE QUALIFIED SETTLEMENT FUNDS TO APPROVED CLAIMAINTS**

Charlene C. Koonce, as the Distribution Agent ("Distribution Agent") for the Qualified Settlement Fund obtained by the Commission in the case styled above, respectfully submits this Revised Claims Report[1] as required by the *Order Granting Application for Order Establishing Adjudication Process* (the Order):

1. As required by the Order, before October 24, 2012, the Distribution Agent mailed 17 Proof of Claims forms ("POCs") to all known investors who sold stock or options to the Defendants.[2] Additionally, POCs were emailed to the contacts for each Claimant who had previously provided loss information to the Distribution Agent. For each Claimant, the Distribution Agent's calculation of the respective Claim amount[3] as set forth in the Order was

---

[1] The Appendix filed with the original Claims Report [Docket No. 36] included errors in the amounts listed in the "Court Approved Claim Amount" in exhibit B.1.

[2] These investors are referenced above as "Claimants".

[3] The Order defines "Claim" as: "a. Any right to distribution from the Fund, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, which right arose as a result of: i. XTO Energy common stock sold to Michael Jobe on December 9, 2009 at $39.94 per share, (regardless of whether the sale was made to Jobe in the name of one of his family members); ii. XTO Energy December 43 call options sold to Michael Jobe on December 11, 2009 at $.15 per

---

DISTRIBUTION AGENT'S REVISED CLAIMS REPORT                                                                                           PAG1

printed on the POC. The Claim amount was calculated by an accountant who reviewed the Distribution Agent's summary of all sales transactions, which in turn was based on data provided to the Distribution Agent by the exchanges, brokers, and Claimants. If the Claimant agreed with the Distribution Agent's Claim amount as provided on the POC, he could sign the POC certifying the amount of the loss and return it, thereby simplifying the claims process for the Claimant and eliminating further analysis of the POC form by the Distribution Agent.

2.  After the POCs were sent out, a few Claimants contacted the Distribution Agent's office with questions regarding completing the POCs, and the claims process in general. During the week prior to the deadline for the POCs to be returned, the Receiver, her assistant, or a paralegal contacted the Claimants who had not yet returned their POC's to remind them of the deadline and urge that the POCs be returned. By the close of business on November 2, 2012, the Bar Date established by the Order, fourteen completed claim forms had been received. Each of the fourteen POCs received by the Bar Date certified the loss as the amount calculated by the Distribution Agent.[4]

3.  The representative for UBS Securities reported that hurricane Sandy had disrupted UBS's business just prior to the Bar Date. UBS's New York offices, and the home of the representative at UBS who was responsible for executing the POC, had no electricity. Despite a phone call prior to the deadline, Ms. Patricia Connors also did not return her POC by the November 2, 2012 deadline. Ms. Connors is elderly and lives in New Jersey, and was also

---

contract; or iii. XTO Energy December 40 call options sold to Richard Vlasich on December 11, 2009 at between $1.66 and $1.67 per contract; or, iv. XTO Energy January 45 call options sold to Richard Vlasich on December 11, 2009 for between $.44 and $.50 per contract.

[4] The POC for Credit Suisse, while certifying the loss amount calculated by the Distribution Agent, did not provide the Tax Certification required by the Tax Administrator for proper tax reporting of the distributions. The representative for Credit Suisse reported that Sandy had displaced many Credit Suisse personnel and disrupted operations and thus the representative had difficulty in locating an individual authorized to sign the Tax Certification. The Distribution Agent or her assistant contacted Credit Suisse's counsel every week following Sandy's landfall requesting the completed Tax Certification, but to date none has been provided.

---

displaced by Sandy. Finally, Fidelity reported that its claim form should in fact be completed by an "end customer" and that the trades at issue were not made from a proprietary account. Fidelity reported forwarding the claim form to an individual residing in Plano, Texas on or about October 31, 2012. Upon receiving this information from Fidelity, the Distribution Agent also forwarded a POC form to the individual, and requested that he complete the POC as soon as possible and return it to the Distribution Agent.

4. UBS returned its POC on November 14, 2012 and Fidelity's "end customer" returned his POCs on November 16, 2012. Each certified their respective loss amount as the amount calculated by the Distribution Agent. After numerous communications to assure Ms. Connors that the distribution and POC were not part of a scam, Patricia Connors returned her POC form on November 21, 2012, and certified the loss amount as the amount calculated by the Distribution Agent. Because the amount of the Qualified Settlement Fund exceeds the total amount of all certified claim amounts,[5] no prejudice results from approval of these late claims. Moreover, extenuating circumstances for each of the late Claimants contributed to the tardy response. Accordingly, the Distribution Agent recommends approval of these late claims as well as the fourteen timely claims.

5. A summary of the loss amount certified on each POC is included in the Appendix as **Exhibit A**, which is titled "Claim Summary Report." The Claim Summary Report identifies each respective Claimant and the total amount requested in the Claim. The second column of the Claim Summary Report is the requested claim amount certified by each Claimant and is also

---

[5] Including the three late Claims, the total claims submitted to the Distribution Agent are $565,880.82. The total amount of the Qualified Settlement Fund as of October 31, 2012 is $658,728.78.

same dollar amount of each Claim recommended for approval by the Distribution Agent the (Claim Recommendation).

6. As required by the Order Establishing Claims Adjudication Process, within 5 days of the date on which this Report is filed the Distribution Agent will provide each respective Claimant notice of the Distribution Agent's recommendation for that Claimant's claim.

7. Because the Distribution Agent is recommending payment in the amount certified by each Claimant, no objections are anticipated.[6] Accordingly, the Distribution Agent recommends approval of the claims listed on the Claim Summary Report, and requests permission to immediately issue the checks to each claimant identified on the Claim Summary Report in the respective amounts listed in the Claim Recommendation column of the Claim Summary Report. The Distribution Agent recommends approval of Credit Suisse's claim, but also requests permission to withhold distribution of the check issued to Credit Suisse until and unless Credit Suisse signs the Tax Certification in the POC.

8. Costs incurred in administering the claims process after the Distribution Agent's last pay petition have not been estimated, but will be far less than the balance of the Qualified Settlement Fund after payment of all approved claims. Those costs will include the time incurred by the Distribution Agent's accountants in populating the data on the POCs sent to the Claimants, costs incurred by the Tax Administrator with respect to reporting and tax issues for the Fund, and the Distribution Agent and her firm's time. After completing the distribution, the Distribution Agent will submit a final pay petition, a confirmation that all distributions have been

---

[6] Pursuant to the Order Establishing Claims Process, any objections to the Distribution Agent's recommendations are to be filed with the Distribution Agent on or before December 21, 2012, and the Distribution Agent is required to provide the Court with a copy of all timely objections and the Distribution Agent's response to such objections no later than January 25, 2013.

made, a request to make any tax or other regulatory payments recommended by the Tax Administer, and a request for discharge.

WHEREFORE, PREMISES CONSIDERED, the Distribution Agent respectfully requests that the Court approve all Claims listed in the attached Claim Summary Report in the amounts listed in the Claim Recommendation column and authorize the Distribution Agent to immediately distribute funds to each of the approved Claimants in the approved claim amounts, except for Credit Suisse as set forth above, and requests such other and further relief to which she may show herself entitled.

> Respectfully submitted,
>
> **SCHEEF & STONE, L.L.P.**
>
> By:  /s/ Charlene C. Koonce
>   Charlene C. Koonce
>   Texas State Bar No. 11672850
> 500 N. Akard, Suite 2700
> Dallas, Texas 75201
> Telephone: 214/706-4200
> Facsimile:  214/706-4242
>
> **DISTRIBUTION AGENT**

## CERTIFICATE OF CONFERENCE

On November 27, 2012, the Distribution Agent conferred with the SEC regarding the relief requested in this Motion.  The SEC had no objection.

> /s/ Charlene C. Koonce
> CHARLENE C. KOONCE

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on November 29, 2012 I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

Bret Helmer  
US Securities & Exchange Commission  
Fort Worth Regional Office  
801 Cherry St, Suite 1900  
Fort Worth , TX 76102  

Dan C Guthrie , Jr.  
Law Office of Dan C Guthrie Jr.  
2525 McKinnon  
Suite 425  
Dallas, TX 75201  

Wayne M Secore  
Secore & Waller  
12222 Merit Dr  
Suite 1350  
Dallas, TX 75251  

      Additionally, on November 29, 2012, an electronic copy of this document was emailed to the Tax Administrator, Jude Damasco, Damasco & Associates, LLP, 700 Monte Vista Lane, Half Moon Bay, CA 94019 at jude@damasco.com.

      /s/ Charlene C. Koonce  
      CHARLENE C. KOONCE