IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | | |
| Plaintiff, § § | CIVIL ACTION NO. 4:10-cv-00711-Y | |
| v. § § | | |
| MICHAEL JOBE and RICHARD VLASICH § § | | |
| Defendants. § § | | |

**DISTRIBUTION AGENT'S UNOPPOSED MOTION FOR APPROVAL OF CASH-BASED ACCOUNTING, PERMISSION TO PAY FINAL FEES AND EXPENSES, DISMISSAL OF DISTRIBUTION AGENT, AND AUTHORIZING TRANSFER OF REMAINING QSF FUNDS TO TAX ADMINISTRATOR**

Charlene C. Koonce, the Distribution Agent appointed by the Court, moves the Court for an Order finalizing all matters related to administration of the Qualified Settlement Fund ("QSF"), as set forth below.

**I.
Declaration Regarding Distribution
Of Approved Claim Amounts, and Request to Mail Credit Suisse Check**

As authorized by the Order entered on December 4, 2012, on December 10, 2012 the Distribution Agent sent[1] checks to all approved claimants, except Credit Suisse. The Distribution Agent contacted the attorney for Credit Suisse numerous times, and provided notice of the authorization to issue but not mail the check to Credit Suisse until the Tax Certification is received. Credit Suisse, however did not execute and return the Tax Certification.

---

[1] Because of the large amount of many of the checks, slow Christmas mail, and to ensure that delivery of all checks could be tracked and confirmed, the Distribution Agent sent the checks by Federal Express.

The Distribution Agent however, confirmed with the Tax Administrator that the relatively small amount of the Credit Suisse distribution check would not trigger any tax consequences or necessitate any tax reporting related to Credit Suisse. Accordingly, the Distribution Agent requests permission to mail Credit Suisse's distribution check.

The enclosure letter sent with the checks requested that all Claimants cash the checks within thirty days of receipt. As of January 31, 2012, excluding the Credit Suisse check, all other distribution checks have cleared the bank account in which the QSF is deposited. After all checks to approved claimants clear, including the Credit Suisse check, the remaining balance of the QSF will be approximately $92,952.70.

## II.
## Request For Approval of Accounting

**Exhibit A** in the Appendix filed concurrently with this Motion is a cash based accounting detailing the sources and uses of cash from February 22, 2012 (the date of the Distribution Agent's appointment) through January 25, 2013. The accounting reflects the cash receipts and expenditures for the term of the Distribution Agent's appointment. The Distribution Agent requests that the Court approve this Final Accounting.

## III.
## Request For Authority To Pay Final Fees And Expenses

From August 26, 2012 through January 25, 2013 the accrued but unpaid fees and expenses for the Distribution Agent and her law firm are:

|  | Fees | Expenses[2] |  |
|---|---|---|---|
| September | $2,557.50 | $399.95 |  |
| October | $1,542.50 | $ 19.90 |  |
| November | $2,302.50 | $ 71.84 |  |
| December | $1,968.75 | $458.19 |  |
| January | $1,100.00 | $ 20.87 |  |
| TOTAL | $9,471.25 | $970.75 | $10,442.00 |

Fees and expenses incurred by Whitley Penn, the accountants retained to assist with preparation of the Proof of Claim forms, are:

|  | Fees | Expenses |
|---|---|---|
| November | $6,736.00 | $0 |
| TOTAL | $6,736.00 | $0 |

Detailed invoices explaining all charges submitted are included in the Appendix filed concurrently with this Motion, as **Exhibit B**.

Work performed by the Distribution Agent and her law firm for which payment is sought includes continued evaluation of blue sheet data regarding investors who sold stock, communication with the claimants to obtain loss information, conferring with the Tax Administrator regarding tax considerations for the proofs of claim, drafting the Tax Certification to include with the proofs of claim, and inclusion of the Tax Administrator's invoices with the first pay petition, final work on the Distribution Agent's first pay petition, communicating with the accountants regarding populating the loss calculation portion of each claim form, and reviewing all claim forms for accuracy, communicating with claimants regarding the claim process and the return of their claim forms, tracking the returned claim forms and preparing the motion requesting approval of the claims, preparing checks to all claimants as authorized, communicating with the Tax Administrator regarding tax information to include with the

---

[2] All expenses incurred are "pass through" expenses, such as postage and photocopies.

distribution checks, tracking when each distribution check cleared the bank, and preparing this Motion.

Work performed by the accountants included[3] meeting with the Distribution Agent to review the stock and option information requested and obtained from exchanges and claimants, review of loss calculations from similar option cases, assistance with evaluation of hedging data requested and received from claimants, discussing the Distribution Agent's proposed loss calculation including proposed exclusion of hedging analysis, reviewing all loss data provided by the Distribution Agent, calculating each claimant's loss based on the formula approved by the Court and completing the loss calculation portion of each Proof of Claim form.

In addition to the accrued but unpaid fees and expenses listed above, the Distribution Agent estimates that approximately two hours of the Distribution Agent's time ($550.00) will be required to accomplish the matters for which authorization is requested herein.[4]  Accordingly, the Distribution Agent also requests authorization to pay the Distribution Agent's firm for two additional hours of time ($550.00) which is not included in the attached invoices.

**IV.**
**Request For Authorization Transfer Balance of the QSF to the Tax Administrator, For Tax Administrator to Pay Future Expenses, And Permission For Tax Administrator to <u>Transfer the Balance Of The QSF To The United States Treasury</u>**

In the future, the Tax Administrator will need to prepare the final tax return as well as certain reports required by the SEC, for which professional fees will be incurred. The fee agreement between the Tax Administrator and the SEC, however, prohibits the Tax

---

[3]The accountants' invoice included time from the inception of the case, which was not billed until the primary work related to the loss calculations was performed in October.

[4]Additional time will be necessary to forward payment to the accountants, transfer the balance of the QSF to the Tax Administrator, close the bank account, prepare and file a Final Declaration, and confer with the Tax Administrator regarding the completion of certain reports required by the SEC following closure of a distribution or receivership matter.

Administrator from requesting or receiving payment for unbilled time. Accordingly, to allow the Tax Administrator to receive payment for future services and to ensure sufficient funds to pay any tax obligations, the Distribution Agent requests permission to transfer the balance of the QSF to the Tax Administrator's trust account. After transferring the remaining balance of the QSF, the Distribution Agent requests permission to close the bank account in which the funds were previously on deposit.

The Tax Administrator will pay taxes, if any from the remaining balance of the QSF, and obtain approval of its future fees from the SEC.

The Distribution Agent has conferred with the Commission regarding the disposition of the balance of the QSF, and has been informed that the funds must be remitted to the United States Treasury. Accordingly, after paying taxes and any future fees and expenses approved by the SEC, the Tax Administrator requests authorization to transfer the remaining balance of the QSF to the United States Treasury.

## V.
### Request for Discharge of Distribution Agent

Upon completion of the matters stated above, and as required by the Order entered on February 22, 2012 appointing the Distribution Agent, the QSF will have been distributed to all known and approved claimants, with the remaining balance transferred to the Tax Administrator for future transfer to the United States Treasury. Upon transfer of the balance of the QSF, to the Tax Administrator the Distribution Agent will file a Declaration with the Court confirming the transfer. Accordingly, the Distribution Agent requests an order discharging her, her employees, agents, accountants, and attorneys from any liability related to the performance of their duties.

## VI.
## Prayer

WHEREFORE, the Distribution Agent respectfully requests the Court to enter an order:

1) Approving the Distribution Agent's Cash-Based Accounting, included in the Appendix as <u>Exhibit A</u>;

2) Approve all accrued but unpaid fees and expenses as listed above and included in the Appendix as <u>Exhibit B</u>;

3) Authorizing the Distribution Agent to mail to Credit Suisse the distribution check in the approved amount;

4) Authorizing the Distribution Agent to pay additional expected fees and expenses totaling $550.00 for the Distribution Agent's services in the future;

5) Authorizing the Distribution Agent to remit the balance of the QSF to the Tax Administrator for payment of taxes, if any, and the Tax Administrator's fees in preparing tax returns and other reports required by the SEC after approval of such fees by the SEC, with direction to the Tax Administrator to remit the remaining balance of the fund to the QSF;

6) Authorization for the Distribution Agent to close the bank account in which the QSF is currently deposited after transferring the funds to the Tax Administrator; and

7) Exonerating and releasing the Distribution Agent her employees, agents, accountants, attorneys and assistants from any and all further liability to the Court regarding the QSF, or any creditors, claimants, beneficiaries, or owners related to the QSF or this lawsuit;

8) Enjoining all persons from commencing or prosecuting, without leave of this Court, any action against the Distribution Agent and her employees, agents, accountants, attorneys and assistants in connection with or arising out of the Distribution Agent's to this Court in this matter; and

    9)   Such other and further relief to which the Distribution Agent may be justly entitled.

                              Respectfully submitted,

                              SCHEEF & STONE, L.L.P.

                              */s/ Charlene C. Koonce*
                              Charlene C. Koonce
                              500 N. Akard Street, Suite 2700
                              Dallas, Texas 75201
                              Tele: 214/706-4200
                              Fax:  214/706-4242

                              DISTRIBUTION AGENT

## **CERTIFICATE OF CONFERENCE**

       The undersigned hereby certifies that the Distribution Agent conferred with counsel for the Securities and Exchange Commission and the Tax Administrator regarding this Petition and proposed Order, and counsel for the SEC has no objection to the Petition, the Order, and the relief sought.

                              */s/ Charlene C. Koonce*
                              CHARLENE C. KOONCE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 31, 2013 I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record:

| | |
|---|---|
| Bret Helmer | Dan C Guthrie , Jr |
| US Securities & Exchange Commission | Law Office of Dan C Guthrie Jr |
| Fort Worth Regional Office | 2525 McKinnon |
| 801 Cherry St, Suite 1900 | Suite 425 |
| Fort Worth , TX 76102 | Dallas, TX 75201 |
| helmer.b@sec.gov | danguthrie@whitecollardefense.com |

Wayne M Secore
Secore & Waller
12222 Merit Dr
Suite 1350
Dallas, TX 75251

Additionally, on January 31, 2013, an electronic copy of this document was emailed to the Tax Administrator, Jude Damasco, Damasco & Associates, LLP, 700 Monte Vista Lane, Half Moon Bay, CA 94019, Telephone: (650) 726-4100, Facsimile: (650) 726-4199, at jude@damasco.com.

　　　　　　　　　　　　　　　　　　　　*/s/ Charlene C. Koonce*
　　　　　　　　　　　　　　　　　　　　CHARLENE C. KOONCE